# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUISE D. BOYD,** | : | **CIVIL ACTION** |
| | : | **NO. 06-CV-1524** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| | : | |
| **Defendant** | : | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rules of Civil Procedure 56(b), Defendant City of Philadelphia hereby moves for summary judgment. Defendant respectfully submits that such relief is warranted for the reasons set forth in the accompanying memorandum of law.

Respectfully submitted,

Dated: January 12, 2007

PAS 5233_____
PATRICIA A. SIEMIONTKOWSKI
Deputy City Solicitor
City of Philadelphia Law Department
Labor & Employment Unit
1515 Arch Street, 16th Floor
(215) 683-5078

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


LOUISE D.  BOYD,                  :           **CIVIL ACTION**
                                       :           **NO.  06-CV-1524**
      **Plaintiff,**               :
                                       :
      **v.**                         :
                                       :
**CITY OF PHILADELPHIA,**       :
                                       :
      **Defendant**              :


**<u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
SUMMARY JUDGMENT</u>**


**I.**      **<u>INTRODUCTION</u>**

Louise D.  Boyd ("Plaintiff") sues the City of Philadelphia for violation of the Family

Medical Leave Act of 1993, 29 U.S.C.  §2601, et seq.  ("FMLA").   Because she cannot show

any facts that prove that she was an "eligible employee" pursuant to the FMLA, her claims that

she was terminated in violation of the FMLA and was refused reinstatement in violation of that

Act cannot be maintained.  Accordingly, the Court should grant the City of Philadelphia's

motion for summary judgment.

**II.**      **<u>PROCEDURAL HISTORY</u>**

Plaintiff commenced this action on April 11, 2006 against the City of Philadelphia.   <u>See</u>

Exhibit A: Docket at #1.  On June 9, 2006, the City of Philadelphia filed a Motion to Dismiss,

which was denied on August 2, 2006.  The City of Philadelphia subsequently filed an Answer on

August 24, 2006.   Discovery ended on December 14, 2006.

### III.    <u>FACTS</u>

Plaintiff was hired by defendant on or about March 16, 1985 and last worked as a

Clerk Typist in the City of Philadelphia Water Department.   Complaint at ¶6 and 7.

Over the course of her employment, Plaintiff requested and was approved for leave

pursuant to the FMLA on at least two occasions, in 2001 and 2003.  <u>See</u> Plaintiff's

Deposition, attached as Exhibit B at pp.  11-13; 19-23.

As are all City employees, Plaintiff was issued a City of Philadelphia FMLA Guidebook

which details the FMLA at length.  Exhibit 3.  This Guidebook includes an extensive "Questions

and Answers" Section, as well as a copy of a posting published by the U.S.  Department of

Labor, WH Publication 1420, which was also affixed to bulletin boards in Plaintiff's workplace.

All these documents state quite plainly that an employee is eligible for leave pursuant to the

FMLA only if that employee has worked for more than 1,250 hours over the previous 12 months.

Plaintiff also received notice in 2003 and again in 2005 that to be eligible for FMLA leave

employees must "have worked for one employer for at least one year, and .. have worked for

1250 hours in the preceding twelve (12) months."  (Boyd Dep., Exhibit B, at exhibits D-7 and D-

8.)

The FMLA Guidebook also details the procedure that an employee must follow to

request FMLA leave:

> QUESTIONS AND ANSWERS ABOUT FMLA
>
> How does a City employee get FMLA leave?
>
> Employees who qualify request FMLA leave from their personnel
> Officer who is designated as the departmental FMLA leave
> agent.  He or she will advise anyone about the features of the Law
> and how to apply.
>
> Exhibit C at.  p.2.

In July 2005, Francis Meiers and/or Jeanette Marsh-Battle were the individuals in charge of supervising FMLA leaves.  They were responsible for delivering the necessary forms to the employee for completion.  (Meiers Dep., Exhibit D, at pp.  12-13.)

Over the course of her employment, Plaintiff had had very erratic attendance.   Her supervisor had issued her numerous warnings about her absences.  She often failed to report to work for more than a week, and her poor attendance had a negative affect on her performance.  Her absences were habitual.  See Deposition Transcript of Francis Bevenour Dep., Exhibit E at pp.17-19.   She was given progressive discipline.  Although she was counseled on numerous occasions, her poor attendance continued and she was suspended on three separate occasions.   Nonetheless, her problems continued and escalated to the point where her supervisor was compelled to take further disciplinary action against her.  See Deposition Transcript of Francis Bevenour Dep., Exhibit E at pp. 21-31.

Plaintiff was called into a meeting in July 2005 with her supervisor to advise her about further disciplinary action to be taken against her, i.e., a 10 day suspension. (Bevenour Dep., Exhibit E  at pp.19-20.)   At that meeting, Plaintiff was presented with a summary of her absences from August 2004 to July 10, 2005.   Her Employee Attendance Record showed that she had worked only 885 hours in this twelve month period.   Further, her attendance problems were chronic – she had a similar pattern of non-attendance in 2004, and she was shown her records for this period as well. (Bevenour Dep., Exhibit E  at pp. 59, exhibit P-7.)

Moreover, for many of these absences, Plaintiff had failed to provide a doctor's note substantiating that she was ill.  Nonetheless, on those occasions, her supervisor had showed

compassion for her and had allowed for her to be absent without leave.  He was attempting to counsel her into better performance.  (Bevenour Dep., Exhibit E at pp. 35-40.) Over the years, he also gave her numerous pep talks (Bevenour Dep., Exhibit E at p. 41.) but to no avail.

At the July 27, 2005 meeting, after learning of the intended ten (10) day suspension, plaintiff requested a twenty (20) day leave of absence to be coupled with the suspension.  She stated her desire to pursue rehabilitation, though she had not considered getting treatment before the meeting and had made no plans for treatment.  (Boyd Dep., Exhibit E at p. 13). At that time, Bevenour told plaintiff that he did not know whether she was eligible for FMLA leave.  (Boyd Dep., Exhibit B at p. 11).  Moreover, Bevenour was not authorized to approve an FMLA leave. He played no role in the approval of  FMLA leave requests.  (Bevenour Dep., Exhibit E at p. 10-13.)  Plaintiff was advised by Bevenour to consult with her union representative, (Bevenour Dep., Exhibit E at p. 46; 73),  who could assist plaintiff with making an FMLA request pursuant to City procedures.  (Bevenour Dep., Exhibit E at. p. 13).

Plaintiff did call her union representative on that very day.  (Boyd Dep., Exhibit E at  p. 14-15).  She also spoke with Employee Assistance Personnel, who arranged for her treatment and even drove her to the airport. (Boyd Dep., Exhibit B at p. 15; 24-25).   However, as plaintiff freely admits, she never completed a written FMLA request.  (Boyd Dep., Exhibit B at pp. 19-20).   Ms. Boyd claims that the union "dropped the ball" and never followed up.  (Bevenour Dep., Exhibit E at p. 73; 29-30).   After Plaintiff failed to appear for work for more than 15 days, the City of Philadelphia determined that she had abandoned her employment and terminated her on or about August 15, 2005.   Complaint at ¶15.

IV.     **ARGUMENT**

  A. **Standard of Review for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(c)**

  Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." White v.  Westinghouse Electric Co., 862 F.2d 56, 59 (3d Cir.1988) [quoting Celotex, 477 U.S.  317, 322.(1986)]  The party opposing the motion must specifically identify evidence of record, as opposed to general averments, which supports his claim and upon which a reasonable jury could base a verdict in his favor.   The nonmovant cannot avoid summary judgment by substituting "conclusory allegations of the complaint … with conclusory allegations of an affidavit." Lujan v.  National Wildlife Sound, 497 U.S.  871, 888 110 S.Ct.  3177, 111 L.Ed.2d 695 (1990).   The motion may be denied only when "facts specifically averred by the nonmovant contradict facts specifically averred by the movant." Id. A motion for summary judgment will not be defeated by the mere existence of some disputed facts, but will be defeated when there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986).  In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party.   The court may consider any material or evidence that would be admissible or usable at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan 4 F.3d 2, 8 (1st Cir. 1993)  Pollack v. City of Newark, 147 F. Supp. 35, 39 (D.N.J. 1956), aff'd, 248 F.2d 543 (3d Cir. 1957), cert. denied, 355 U.S. 964, 78 S. Ct. 554, 2 L. Ed. 2d 539 (19l58)) ("in considering a motion for summary judgment, the

court is entitled to consider exhibits and other papers that have been identified by affidavit or otherwise made admissible in evidence").

### A.     <u>Defendant did not violate the Family and Medical Leave Act</u>.

The FMLA entitles eligible employees to twelve weeks unpaid leave during any twelve month period for certain family reasons and for a "serious health condition" that makes the employee unable to perform the duties of his or her position. 29 U.S.C. §2612(a)(1).  Employers may not deny or interfere with an employee's rights guaranteed by the FMLA and are prohibited from discharging or discriminating against any eligible employee who exercises those rights. <u>See</u> 29 U.S.C. §2615(a)(1) and (a)(2).

Courts have recognized that the FMLA creates two essentially distinct causes of action. <u>See</u>, <u>Peter v. Lincoln Technical Inst.</u>, 225 F.Supp.2d 417 (E.D. Pat 2002) (citing <u>Bachelder v. America West Airlines, Inc.</u>, 259 F.3d 1112 (9th Cir. 2001.)  First, it is unlawful under the FMLA for an employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right secured under the Act.  <u>See</u> 29 U.S.C. 2615(a)(1) (2002).  Claims pursued under this provision are frequently referred to as "interference" claims.  <u>See</u> <u>Marrero v. Camden Cty. Bd. Of Social Services</u>, 164 F.Supp.2d 455, 463 (D.N.J. 2001)  Second, the FMLA makes it unlawful for an employer to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA.  <u>See</u> 29 U.S.C. 2615(a)(2) (2002).  Plaintiff contends that the defendant interfered with her ability to take FMLA leave.

### 1.     <u>Plaintiff's Interference Claim</u>

Interference claims are based on the prescriptive sections of the FMLA which create substantive rights for eligible employees.  <u>Parker v. Hahnemann University Hosp.</u> 234 F.Supp2d 478, 485 (D.N.J. 2002).  These prescriptive rights "set floors for employer conduct."  <u>Id.</u> quoting

Hodgens v. Gen'l Dynamics Corp. 144 F.3d 151, 159 (1st Cir. 1998).   Interference claims "are

not about discrimination."   See Parker, 234 F.Supp.2d at 485.   "The issue is simply whether the

employer provided its employee the entitlements set forth in the FMLA - for example, a twelve-

week leave or reinstatement after taking a medical leave." Hodgens, 144 F.3d at 159.[1]

    **a.**   **Plaintiff was not an "eligible employee" entitled to leave under the Act.**

Because plaintiff failed to perform the requisite 1,250 hours of service during her

preceding 12-month period of employment with defendant, she was ineligible for FMLA

leave.

The FMLA was enacted to balance the demands of the workplace with the needs

of families by ensuring that leave is available for eligible medical and compelling family

reasons.   29 U.S.C.  §2601(b).   Section 2612(a)(1)(A) of the FMLA entitles an "eligible

employee" to take up to twelve (12) weeks of unpaid leave during any 12-month period

for certain specified reasons set forth in the act.   29 U.S.C.  §2612(a) (1).   The term

"eligible employee" is defined as an employee who has been employed (i) for at least 12

months by the employer with whom leave is requested under section 2612 of this title;

and (ii) for at least 1,250 hours of service with such employer during the previous 12-

month period; and (iii) has been employed at a work site where 50 or more employees are

employed with 75 miles of the work site.   29 U.S.C.  §2611(2) (A); C.F.R.  §825.110(A).

Plaintiff claims that the City of Philadelphia acted in violation of the Act when it

denied her request for leave and terminated her employment for abandonment of position

when she failed to appear for work.   The City of Philadelphia Water Department's

---

[1] To state a claim of interference, a plaintiff must demonstrate by a preponderance of the evidence that he
or she was entitled to the benefit denied.  See e.g. Strickland v. Water Works and Sewer Bd. of the City,
239 F.3d 1199, 1206-07 (11th Cir. 2001)

official Employee Attendance Records for plaintiff for the period August 4, 2004 through August 4, 2005 show that plaintiff worked approximately 885 hours during that period of time.   (See Affidavit of Francis X.  Meiers and Employee Attendance Record for Louise Boyd for 2004 and 2005 attached herewith as Exhibit F).   The amount of time worked by Plaintiff during the year immediately preceding her request for leave is significantly less than that required by the Act, making her "ineligible" for the leave benefit available to "eligible employees" under the FMLA.   (See Corcino v.  Banco Popular De Puerto Rico, 200 F.Supp.  2d 507, l46 Lab.  Cas.  P 34,536, 82 Empl.  Prac.  Dec.  P 41,025 (D.C.  of Virgin Islands, 2002) (finding that employee who worked for 1,197 hours during year prior to her termination was not eligible employee within meaning of FMLA.)

Moreover, Plaintiff was aware of the requirements of the FMLA, having been issued a copy of it, having the opportunity to view it posted on bulletin boards at her workplace, and having exercised her rights pursuant to the Act on two previous occasions.

Plaintiff also should have been aware that she had not worked a sufficient number of hours to qualify for FMLA leave.  At the July 2005, meeting, she was presented with a summation of her hours.

Plaintiff takes the position that had she known she was not an eligible employee, she would not have taken leave for treatment of her condition. She suggests that her employer had the responsibility of informing her that she had not worked the requisite number of hours to qualify for FMLA leave apparently relying upon a Department of Labor regulations which requires employers to notify employees about their FMLA eligibility within two days of the receipt of an FMLA request.  29 C.F.R. §825.110(d).

Every court that has considered the validity of 29 C.F.R. §825.110(d) has rejected the validity of the regulation.  Those courts have uniformly held that the regulation is not valid and cannot be used against employers who fail to notify employees about their ineligibility for FMLA leave because the regulation seeks to expand the scope and coverage of the FMLA in the face of an express statutory restriction on eligibility.  See Woodford v. Community Action of Greene County, Inc., 268 F.3d 51, 57 (2nd Cir. 2001) ("The regulation exceeds agency rulemaking powers by making eligible under the FMLA employees who do not meet the statute's clear eligibility requirements."; Brungart v. Bell South Telecommunications, Inc. 231 F.3d 791, 796-97 (11th Cir. 2000) ("There is no ambiguity in the statute concerning eligibility for family medical leave, no gap to be filled."); Dormeyer v. Comerica Bank-Illinois, 223 F.3d 579, 582 (7th Cir. 2000) (The regulation tries "to change the Act" because it makes eligible employees who, under the language of the statute, are ineligible for family leave:  "The statutory text is perfectly clear and covers the issue.  The right of family leave is conferred only on employees who have worked at least 1,250 hours in the previous 12 months.") Nordquist v. City Finance Co., 173 F.Supp 537, 540 (N.D. Miss. 2001); Wolke v. Dreadnought Marine, Inc., 954 F.Supp. 1133, 1137 (E.D. Va. 1997) (the "Department of Labor regulation … purports to transform employees who are ineligible under the FMLA statute into eligible employees").

Plaintiff does not dispute the fact that she did not work the requisite number of 1,250 hours in the twelve months preceding her desire to take medical leave.[2]  Nor does she dispute the fact that she was never told that she would be approved for FMLA leave.

---

[2] Plaintiff made no formal request for medical leave.  At the July 25 meeting with her supervisor, Francis Bevenour, plaintiff merely stated her desire for leave.

In fact, plaintiff freely admits that Bevenour told her that he was not certain if she was eligible for FMLA leave.

Because Plaintiff failed to meet the definition of an "eligible employee," having not worked for her employer the requisite 1,250 hours in the year preceding, her FMLA claim should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**IV      <u>CONCLUSION</u>**

Because Plaintiff can prove no set of facts sufficient to give rise to any FMLA claim against defendant, her complaint fails to state a cause of action against Defendant City.   For this reason, Defendant respectfully requests pursuant to Rule 56(b) of the Federal Rules of Civil Procedure that this Court grant Defendant's motion for Summary Judgment.

Respectfully submitted,

Dated: January 12, 2007                    PAS 5233_____
                                           PATRICIA A.  SIEMIONTKOWSKI
                                           Deputy City Solicitor
                                           City of Philadelphia Law Department
                                           Labor & Employment Unit
                                           1515 Arch Street, 16th Floor
                                           Philadelphia, PA  19102
                                           (215) 683-5078

## CERTIFICATE OF SERVICE

I, PATRICIA SIEMIONTKOWSKI, Deputy City Solicitor, hereby attest that a true and correct copy of Defendant's Motion to Dismiss Plaintiff's Complaint or, in the alternative, for Summary Judgment was served on the following persons via U.S.  first-class mail, postage prepaid on this same day.   In addition, this document has been filed electronically and is available for viewing and downloading from the ECF system.

Mark S.  Scheffer, Esq.
Stephen Girard Building, 7th Floor
21 South 12th Street
Philadelphia, PA   19107
(215) 568-3035
Attorney for Plaintiff


PAS 5233_____
Patricia Siemiontkowski, Esq.


Date:  January 12, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LOUISE D.  BOYD,** | : | **CIVIL ACTION** |
| | : | **NO.  06-CV-1524** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| | : | |
| **Defendant** | : | |

## <u>ORDER</u>

**AND NOW,** this _____day of _____, 2007, upon consideration of

Defendant's Motion for Summary Judgment, and plaintiff's response thereto, it is hereby

ORDERED that defendant's motion is **GRANTED**.   Plaintiff's complaint is **DISMISSED** with

prejudice.

_____
J.